IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LLOYD M. MCKIRE-BENNETT,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

OPINION and ORDER

25-cv-414-jdp

---

Petitioner Lloyd M. McKire-Bennett, proceeding without counsel, is a prisoner at the Federal Correctional Institution in Leavenworth, Kansas. McKire-Bennett pleaded guilty to one count of conspiracy to distribute 400 grams or more of a mixture or substance containing fentanyl, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(A), and one count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(8). No. 23-cr-26-jdp, Dkt. 204, at 1. For each count, McKire-Bennett was sentenced for a term of 164 months, to run concurrently. *Id.* at 2.

Now McKire-Bennett seeks relief under 28 U.S.C. § 2255, primarily on the ground that his defense counsel was ineffective. No. 25-cv-414, Dkt. 2. The government responded to McKire-Bennett's petition. No. 25-cv-414, Dkt. 8. But McKire-Bennett hasn't filed a reply.

I infer that McKire-Bennett didn't think he needed to file a reply because he previously moved for appointment of counsel to assist him with his petition, a motion which remains pending. No. 25-cv-414, Dkt. 4. If true, McKire-Bennett's belief was mistaken; filing a motion for appointment of counsel didn't absolve him of his duty to file a reply by the deadline.

McKire-Bennett may have until June 1, 2026, to file his reply. If he doesn't file a reply by that date, I will consider the government's response without his input.

As for McKire-Bennett's motion for appointment of counsel, I may appoint counsel for a § 2255 petitioner if "the interests of justice so require" and if he is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether the petitioner can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with a lawyer at his side. *See, e.g., Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). Because McKire-Bennett qualified for court-appointed counsel in his underlying criminal case, I assume that he is financially eligible. But the current briefing doesn't suggest that the issues are too complex for McKire-Bennett to handle without counsel.

I will deny McKire-Bennett's motion without prejudice. If later developments in the case show that he is unable to represent himself, I will reconsider my decision.

ORDER

IT IS ORDERED that:

1. Petitioner Lloyd M. McKire-Bennett's motion for appointment of counsel, Dkt. 4, is DENIED without prejudice.

2. McKire-Bennett may have until June 1, 2026, to file his reply to the government's response, Dkt. 8. If he doesn't file a reply by that date, I will consider the government's response without his input.

Entered May 18, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2